UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANTHONY MEDLIN Jr.,

                      Plaintiffs,                  **AMENDED COMPLAINT**
                                                                      14 CV 0038 (CBA)(CLP)

     - against -

THE CITY OF NEW YORK, PATRICK BURNETT,
GREGORY CLARKE, and JOHN DOE, the name
being fictitious and presently unknown,
employees of the New York City Police
Department,
                                                                   **Jury Trial Demanded**
                      Defendants.

-------------------------------------------------------------------X

        Anthony Medlin, Jr. by his attorney, The Law Office of Matthew Flamm, alleges the following, upon information and belief, as his Amended Complaint:

Nature of the Action

        1.      This civil rights action arises from the July 4, 2013 assault of Anthony Medlin by New York City Police Officers. This action arises under the United States Constitution's Fourth and Fourteenth Amendments and New York Common Law. Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

Jurisdiction and Venue

        2.      This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do Plaintiff's federal claims.

        3.      Under 28 U.S.C. §1391(b) and (c), venue is proper in the Eastern District of New York because defendant City of New York resides in that judicial District.

Notice of Claim

4. On or about August 8, 2013, Plaintiff caused a Notice of Claim to be served upon Defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

5. The Notice of Claim was in writing and was sworn to by the Plaintiff.

6. The Notice of Claim contained the name and post office address of the Plaintiff, the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

7. Defendant City of New York assigned the claim number 2013PI020981.

8. More than thirty days have elapsed since presentment of the claims and Defendant City of New York has not adjusted the claims within the statutory time period.

9. This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

Parties

10. Plaintiff ANTHONY MEDLIN, Jr. is a citizen of the United States of America residing in the State and City of New York, County of the Kings.

11. Defendant PATRICK BURNETT was at all times relevant a duly appointed and acting officer employed by the New York City Police Department. On July 4, 2013, he was assigned to the 79th Precinct in Brooklyn, New York. Defendant Burnett is liable for directly participating in the use of force on Anthony Medlin and in failing to intervene to protect the Plaintiff from the illegal conduct of his fellow officers.  He is sued in his individual capacity.

12.     Defendant GREGORY CLARKE was at all times relevant a duly appointed and acting officer employed by the New York City Police Department. On July 4, 2013, he was assigned to the 79th Precinct in Brooklyn, New York. Defendant CLARKE is liable for directly participating in the use of force on Anthony Medlin and in failing to intervene to protect the Plaintiff from the illegal conduct of his fellow officers.  He is sued in his individual capacity.

13.     Defendant JOHN DOE was at all times relevant duly appointed and acting Police Officers employed by the New York City Police Department.  On July 4, 2013, he was assigned to the 79th Precinct  in Brooklyn, New York.  Defendant Doe is liable for directly participating in the use of force on Anthony Medlin and failing to intervene to protect the Plaintiff from the illegal conduct of his fellow officers.  He is sued in his individual capacity.

14.     At all times relevant, Defendants PATRICK BURNETT, GREGORY CLARKE, and JOHN DOE(the "individual Defendants") were acting under color of state law.

15.     The individual Defendants and the other Police Officers involved in the incident underlying this lawsuit were at all times relevant agents, servants and employees acting within the scope of their employment by Defendant City of New York.

Facts Underlying
Plaintiff's Claims for Relief

16.     On July 4, 2013 at around 5:30 a.m. at and inside of 213 Kosciuszko Street, Brooklyn, New York, Anthony Medlin was assaulted by Police Officers employed by the City of New York.

17.     Plaintiff was compliant, offered no resistance, and was kneeling on the floor with his hands behind his head when the individual Defendants assaulted him without lawful cause or justification.

18. The individual Defendants, or some of them, struck Anthony Medlin at least twice in the face, opening a wound under Plaintiff's lip and causing a contusion by his eye. Other Police Officers, including Defendant JOHN DOE, also struck Plaintiff.

19. The individual Defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful conduct to which the Plaintiff was subjected.

20. The individual Defendants' acts and omissions caused Anthony Medlin to suffer mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.

21. Anthony Medlin, in addition to suffering the trauma of beaten by the Police, sustained, among other things, a laceration to his lip, multiple bruises, a contusion to his eye and injury to his shoulder.

22. At all times relevant, the Police personnel involved acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiff's rights and physical well-being.

FIRST CLAIM FOR RELIEF
FOR VIOLATING PLAINTIFF'S RIGHT
TO BE FREE FROM UNREASONABLE FORCE UNDER
THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

23. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated here.

24. When they struck Plaintiff, the individual Defendants used unreasonable, unnecessary and excessive force not justified by any circumstance, thereby violating Plaintiff's rights under the Fourth Amendment to the United States Constitution.

25. As a consequence thereof, Anthony Medlin has been injured.

## SECOND CLAIM FOR RELIEF FOR ASSAULT

26. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated here.

27. By reason of the foregoing, Anthony Medlin was intentionally placed in apprehension of imminent harmful and offensive contact, thereby having an assault committed upon him.

28. As a consequence thereof, Anthony Medlin has been injured.

## THIRD CLAIM FOR RELIEF FOR BATTERY

29. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated here.

30. By reason of the foregoing, Anthony Medlin was intentionally and in a harmful and offensive manner touched, thereby having a battery committed upon him.

31. As a consequence thereof, Anthony Medlin has been injured.

## FOURTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFFS' CIVIL RIGHTS

32. Plaintiff repeats the allegations of foregoing paragraphs as though fully stated here.

33. The individual Defendants failed to intervene to prevent or end the misconduct to which Plaintiff was subjected.

34. As a consequence thereof, Anthony Medlin has been injured.

## FIFTH CLAIM FOR RELIEF FOR RELIEF FOR NEGLIGENCE

35. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated here.

36. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to

screen, instruct, supervise, monitor and control its Police Officers, including the Police personnel involved herein.

37. The defendant City of New York's failure properly to screen, instruct, supervise, monitor, or control its Police, including the Police Officers involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional uses of force, and allowed the individual defendants to believe that they could with impunity abuse and assault Mr. Medlin and not report their misconduct.

38. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant Clarke was and is potentially dangerous, as evidenced by the fact that this appears to be eighth lawsuit since 2007 in which this defendant has been named a defendant, and that the prior suits, <u>Brown v. City of New York, Clarke, Et Al.</u>, 07 CV 2329 (CPS)(RML); <u>Goines v. City of New York, Clarke, Et Al.</u>, 07 CV 5448 (CM)(KNF); <u>Molden v. Clarke</u>,10 CV 0336 (CBA)(LB); <u>Rowe and Benson v. City of New York, Clarke, Et Al.</u>, 10 CV 5058 (PAE); <u>Farmer v. City of New York, Clarke, Et Al.</u>, 11 CV 1564 (SJ)(JO) ; <u>O'Brien v. City of New York, Clarke, Et Al.</u>, 12 CV 2831 (FB)(RER); <u>Lloyd v. McAvoy, Et Al.</u>, 13 CV 6210, resulted in payments of at least two hundred and twenty thousand dollars ($220,000).

39. Defendant City's negligence proximately caused plaintiff's injuries. herein.

40. As a consequence thereof, Anthony Medlin has been injured.

<u>Request for Relief</u>

WHEREFORE, Plaintiff respectfully request that judgment be entered that Anthony Medlin's right to be free from unreasonable and excessive force under the United States Constitution was violated together with:

(A) Compensatory damages in an amount to be fixed at trial;

(B)   By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual Defendants in an amount to be fixed at trial;

(C)   An award to Plaintiff of the costs and disbursements herein;

(D)   An award of attorney's fees under 42 U.S.C. §1988;

(E)   Such other and further relief as this Court may deem just and proper.

Dated: March 15, 2014
       Brooklyn, New York

                                        Law Office of Matthew Flamm
                                         Attorney for Plaintiff
                                        26 Court Street, Suite 2208
                                        Brooklyn, New York 11242
                                        (718) 797-3117

                                        _____
                                        Matthew Flamm